# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## OCTOBER SESSION, 1996

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **No. 02C01-9510-CC-00303** |
| **Appellee** | ) | |
| | ) | **MADISON COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. FRANKLIN MURCHISON, Judge** |
| **VINCENT GERRARD** | ) | |
| **OVERTON,** | ) | |
| | ) | **(Aggravated Burglary, Theft of** |
| **Appellant** | ) | **Property; Vandalism, Possession of** |
| | | **Drug Paraphernalia** |

For the Appellant:

**JOHN E. HERBISON**
2016 Eighth Avenue South
Nashville, TN 37204

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**CYRIL V. FRASER**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**DON ALLEN**
Asst. District Attorney General
P. O. Box 2825
Jackson, TN 38302

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

On May 1, 1995, the appellant, Vincent Gerrard Overton, pled guilty in the Circuit Court of Madison County to one count of aggravated burglary, a class C felony, one count of theft of property, a class E felony, one count of vandalism, a count A misdemeanor, and one count of possession of drug paraphernalia, a class A misdemeanor. The trial court sentenced the appellant as a standard, range I offender to six years incarceration for the aggravated burglary conviction, two years incarceration for the theft conviction, and eleven months and twenty-nine days incarceration for each misdemeanor conviction. The trial court ordered concurrent service of the appellant's sentences, imposing an effective sentence of six years. The appellant contends that his sentence is excessive.

## 1. Factual Background

On June 13, 1995, the trial court conducted a sentencing hearing. At the hearing, the State presented the testimony of Vernon Stubblefield, the appellant's probation officer. Stubblefield testified that the appellant had been placed on probation pursuant to a prior conviction for aggravated burglary.[1] The appellant's probationary status was revoked, and he was sent to the Tennessee Department of Correction "boot camp" program. Following his release from boot camp, the appellant was placed on intensive probation. The appellant was on intensive probation at the time of the instant offenses. Moreover, Stubblefield stated that, while on intensive probation, the appellant had tested positive for cocaine and, on numerous occasions, had violated his curfew. Finally, Stubblefield testified that, although he had referred the appellant to a drug rehabilitation program, the appellant failed to attend the program.[2]

---

[1]The pre-sentence report reflects that the appellant was convicted of burglary in 1993 and placed on intensive probation for five years.

[2]The pre-sentence report similarly indicates that the appellant has not cooperated with his probation officers' efforts to enroll him in a rehabilitation program.

The appellant submitted a written statement to the trial court on his own behalf. In his statement, the appellant described his efforts to abstain from drug abuse and the obstacles that he had encountered. The appellant also testified at the sentencing hearing. He testified that he was thirty years old. He graduated from high school and, subsequently, served in the Marine Corps for six years until he was honorably discharged. Since his discharge from the military, the appellant has been employed primarily as a laborer. He testified that he began abusing drugs in 1991 or 1992. However, he denied stealing in order to support his addiction. Rather, he explained that he stole "out of hostility and resentment." He asserted that he failed to attend the rehabilitation program to which he had been referred by Mr. Stubblefield, because he was unable to afford the treatment.[3]

On cross-examination, the appellant admitted that he had been convicted in the past of burglary, theft of property, and aggravated criminal trespass. He admitted that, while on probation for the prior burglary conviction, he had on numerous occasions tested positive for cocaine and marijuana.

In sentencing the appellant to the maximum sentences available for his offenses, the trial court noted the appellant's prior history of criminal conduct or criminal convictions. Tenn. Code Ann. § 40-35-114 (1993 supp.).[4] The court also noted that the appellant committed the instant offenses while on probation.

---

[3]The appellant also testified that the program counselor "developed an attitude."

[4]The pre-sentence report reflects the following criminal history:
(1)     on January 8, 1990, the appellant was convicted in the Jackson City Court of public intoxication and disorderly conduct;
(2)     on June 18, 1991, the appellant was convicted in the Jackson City Court of breach of peace;
(3)     on October 18, 1991, the appellant was convicted in the Jackson City Court of public intoxication;
(4)     on December 14, 1993, the appellant was convicted in the Madison County Circuit Court of one count of burglary and one count of theft occurring on September 24, 1992, two counts of aggravated criminal trespass occurring on December 29, 1992, and one count of theft occurring on December 20, 1992.

Tenn. Code Ann. § 40-35-114 (13)(C).  The court entered no findings concerning any applicable mitigating factors.

## 2. Analysis

Review, by this court, of the length of a sentence is *de novo* with a presumption that the determination made by the trial court is correct.  Tenn. Code Ann. § 40-35-401(d) (1990).  This presumption only applies, however, if the record demonstrates that the trial court properly considered sentencing principles and all relevant facts and circumstances.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  If the trial court applies inappropriate factors or otherwise fails to comply with the 1989 Sentencing Act, the presumption of correctness falls.  State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In any event, the appellant bears the burden of establishing that the sentences imposed by the trial court are erroneous.  State v. Lee, No. 03C01-9308-CR-00275 (Tenn. Crim. App. at Knoxville, April 4, 1995).  In determining whether the appellant has met this burden, this court must consider the factors listed in Tenn. Code Ann. § 40-35-210(b)(1990) and the sentencing principles described in Tenn. Code Ann. § 40-35-102 (1990) and § 40-35-103 (1990).

Moreover, with respect to the length of a sentence, Tenn. Code Ann. § 40-35-210 provides that the minimum sentence within the appropriate range is the presumptive sentence.  If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors.  Id.  If there are no mitigating factors, the court may set the sentence above the minimum in that range, but still within the range.  Id.  See also State v. Dies, 829 S.W.2d 706, 710 (Tenn. Crim.

4

App. 1991). "[T]here is no particular value assigned by the 1989 Sentencing Act to the various factors and the 'weight afforded mitigating or enhancement factors derives from balancing relative degrees of culpability within the totality of the circumstances of the case involved.'" State v. Marshall, 870 S.W.2d 532, 541 (Tenn. Crim. App. 1993)(citation omitted).

With respect to the trial court's failure to make any findings concerning mitigating factors, the presence *or absence* of mitigating factors must be noted on the record. Dies, 829 S.W.2d at 710; Tenn. Code Ann. § 40-35-210, Comments. "Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found ... These findings by the trial judge must be recorded in order to allow an adequate review on appeal." State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994). Nevertheless, this court will apply the presumption of correctness even in the absence of an explicit listing of the rejected mitigating factors so long as the record and the findings are reasonably clear as to their absence. State v. Parks, No. 02C01-9401-CC-00010 (Tenn. Crim. App. at Jackson, April 5, 1995). As subsequently discussed, we conclude that the record adequately supports the absence of any significant mitigating factors.

In any event, even assuming that the presumption of correctness is inapplicable in the instant case, we conclude that the appellant's sentences are appropriate. With respect to the appellant's military service, honorable military service may always be considered as a mitigating factor consistent with the purposes of the 1989 Sentencing Act. See State v. Yelloweyes, No. 01C01-9407-CC-00256 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1995); Tenn. Code Ann. § 40-35-113(13). However, such service will be considered in the context of other applicable factors, as will the mitigating factor

that the appellant's conduct neither caused nor threatened serious bodily injury.[5]

Tenn. Code Ann. § 40-35-113(1). We disagree with the appellant's assessment of his potential for rehabilitation. The trial court correctly found that the appellant's criminal history is significant.[6] The appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, Tenn. Code Ann. § 40-35-114(8), as demonstrated by his persistent use of drugs while on probation and his failure to comply with the curfew imposed. Moreover, the appellant was on probation at the time of the instant offenses. Tenn. Crim. App. 40-35-114(13)(C). Finally, the record does not fully support the appellant's claim that he accepts responsibility for his conduct. See State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994)(a defendant's willingness to accept responsibility is germane to his potential for rehabilitation).

Accordingly, we affirm the judgments of the trial court.

---

[5]The appellant testified at the sentencing hearing that he and his co-defendant were under the influence of drugs and alcohol at the time of the instant burglary. We simply note that the perpetrators' intoxicated condition increased the danger of harm both to themselves and others. Indeed, the owner of the burglarized residence returned home before the appellant and his co-defendant left the residence.

[6]The appellant challenges the trial court's consideration of his Jackson City Court convictions. He contends that if these convictions involved violations of municipal ordinances, they cannot support a finding of "criminal convictions or criminal behavior." The appellant cites City of Chattanooga v. Myers, 787 S.W.2d 921, 922 (Tenn. 1990)(citation omitted), in which the Supreme Court noted that, procedurally, cases involving the violation of city ordinances are civil in nature. See also Clark v. Metropolitan Government of Nashville and Davidson County, 827 S.W.2d 312, 315 (Tenn. App. 1991)("[a] prosecution for an act violating a city ordinance is a civil and not a criminal proceeding and is governed by rules in civil cases"); City of Adamsville v. Cass, No. 02A01-9606-CV-00141 (Tenn. App. December 20, 1996)("[a] municipal ordinance violation is civil in nature and not criminal"). However, the characterization of municipal ordinance violations as civil for procedural purposes does not necessarily preclude a sentencing court's consideration of such violations as evidence of prior criminal conduct. For example, in the instant case, both disorderly conduct, Tenn. Code Ann. § 39-17-305 (1991), and public intoxication, Tenn. Code Ann. § 39-17-310 (1991), are punishable pursuant to state criminal statutes. In any event, the remaining criminal convictions comprising the appellant's criminal history, in conjunction with other applicable enhancement factors, adequately support the appellant's sentences. Moreover, the appellant did not object to the trial court's consideration of the city court convictions. This court has held, "[E]vidence of a defendant's prior convictions contained in the presentence report is sufficient and properly used to enhance the range of punishment when the defendant does not object to the use of such convictions, deny their existence, or attempt to rebut their existence." State v. Lord, No. 03C01-9312-CR-00391 (Tenn. Crim. App. at Knoxville), perm. to appeal denied, (Tenn. 1995)(citing State v. Richardson, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993)).

6

                                  _____

                                  DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
PAUL G. SUMMERS, Judge